IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-cv-00100-MR

| | |
|---|---|
| MARSHALL LEE BROWN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| LESLIE COOLEY DISMUKES[1], ) | |
| Secretary, North Carolina ) | |
| Department of Adult Correction, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Amended Petition for Writ of Mandamus. [Doc. 2].

I. **BACKGROUND**

Marshall Lee Brown, Jr. (the "Petitioner") is a prisoner of the State of North Carolina who pled guilty to second-degree murder on September 8,

---

[1] In this matter, Petitioner is seeking to compel the Secretary of the North Carolina Department of Adult Correction to take specific action regarding the computation of his state sentence. Pursuant to Fed.R.Civ.P.25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer subsequently leaves office. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction ("NCDAC"), is now the proper Respondent as she succeeded Todd Ishee who Petitioner originally named.

1977, in Alexander County Superior Court. [Doc. 2-1 at pp.1-2]. On November 16, 1977, the Petitioner was sentenced to life in prison. [Id. at 3]. While serving his life sentence, the Petitioner escaped from prison and committed another murder. On March 25, 2002, in Iredell County Superior Court, the Petitioner pled no contest to second-degree murder and was sentenced to a concurrent sentence of 240-297 months. State v. Brown, 616 S.E.2d 30, 2005 WL 1804816 (N.C. Ct. App. 2005) (unpublished table decision).

On January 23, 2015, Petitioner filed a habeas action in this Court challenging the Iredell County judgment. [Case No. 5:15cv00009; Doc. 1]. The Court dismissed Petitioner's action as untimely. [Id., Doc. 2]. On June 5, 2018, Petitioner filed a habeas action in this Court challenging the execution of his sentence imposed in the Alexander County judgment. [Case No. 5:18cv00092; Doc. 1]. The Court ordered the State to respond to the habeas petition. [Id., Doc. 2]. After full briefing, the Court granted the State's motion for summary judgment and denied the habeas petition on the merits. [Id., Doc. 10]. Petitioner then filed a motion to alter or amend the judgment. [Id., Doc. 12]. By Order dated June 17, 2020, the Court denied Petitioner's motion. [Id., Doc. 15]. The Petitioner noticed an appeal which the Fourth Circuit ultimately dismissed. [Id., Doc. 20].

2

Case 5:24-cv-00100-MR    Document 4    Filed 09/02/25    Page 2 of 5

Petitioner commenced this mandamus action on April 10, 2024, by filing a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361. [Doc. 1]. Petitioner asks the Court "to issue its writ of mandamus compelling the Secretary of the North Carolina Department of Adult Correction[] to perform his charged, ministerial duty to calculate Petitioner's accrued sentence reduction credits and apply them against the total length of Petitioner's sentence, to determine his unconditional discharge, as required by laws existing at the time of his offense." [Doc. 2 at 2]. The Petitioner advances the same sentence calculation argument in this present mandamus action as he made in his Alexander County habeas action. [Case No. 5:18cv00092; Doc. 1].

II.     DISCUSSION

Congress has granted federal district courts authority to issue writs of mandamus, but only against federal agencies or officials: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Further, the Fourth Circuit has rejected the premise that the All Writs Act provides federal district courts with the authority to issue writs of mandamus against state officials. AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Board of Adjustment,

172 F.3d 307 (4th Cir. 1999). In that case, the appellate court found that because "the federal mandamus statute, 28 U.S.C. § 1361, applies only to 'an officer or employee of the United States or any agency thereof,' not to state officials ... [t]he All Writs Act, 28 U.S.C. § 1651 has no application here." Id. at 312 n.3. See also, Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969) (petition for writ of mandamus presented in the first instance in the appellate court seeking to compel state court to produce criminal trial transcripts for petitioner dismissed for want of jurisdiction as federal courts of appeals have no appellate jurisdiction over state courts).

On May 1, 2024, Petitioner filed his amended mandamus petition. [Doc. 2]. Specifically, the Petitioner asserts that while he has accumulated sufficient good time credits[2] to fully satisfy his Alexander County sentence, the North Carolina Department of Adult Correction refuses to apply those credits to his unconditional release date. [Id. at 2].

After considering the mandamus statute, the All Writs Act, and the authority cited above, the Court concludes that it lacks subject matter jurisdiction in this action to issue a writ of mandamus to compel any state

---

[2] For simplicity's sake, the Court refers to good time, gain time, and merit time credits collectively as "good time credits," although they are earned for different reasons.

official to adjust the sentence imposed in the Alexander County judgment. Accordingly, Petitioner's mandamus action will be dismissed on jurisdictional grounds. While the Court could recharacterize this mandamus action as a petition filed pursuant to 28 U.S.C. § 2254, it would be futile to do so. The Court would be required to dismiss such a recharacterized habeas action as an unlawful second or successive § 2254 matter pursuant to 28 U.S.C. § 2244(b). Finally, because the Court denied on the merits Petitioner's sentencing calculation claim presented in his 2018 habeas action [Case No. 5:18cv00092], and Petitioner is asserting the same claim in this mandamus action, even if the Court possessed jurisdiction to entertain this action (which it does not), Petitioner's claim would be barred by the doctrine of *res judicata*.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: 9/1/2025

Martin Reidinger
Chief United States District Judge